Board of County Commissioners Sumter County Post Office Box 8 Bushnell, Florida 33513
Attention: Mr. James Guy Simmons, Director of Public Services
Dear Mr. Simmons:
This is in response to your request for an opinion on substantially the following question:
 ARE EMPLOYEES OF THE SUMTER COUNTY PLANNING, ZONING AND BUILDING DIVISION WHO ARE, ON OCCASION, REQUIRED TO RETURN BACK TO THEIR WORKPLACE TO ATTEND ZONING BOARD MEETINGS AFTER NORMAL WORK HOURS ENTITLED TO REIMBURSEMENT FOR TRAVEL EXPENSES INCURRED BY THIS ADDITIONAL TRIP BACK TO THE WORKPLACE FROM HOME?
Section 112.061(1)(a) and (b), F.S., states that it is the Legislature's intent that the travel expenses and per diem of all public officers, employees, or authorized persons whose travel expenses are paid by a public agency are subject to, and controlled by, the rates and limitations set forth in the uniform travel expense law, s 112.061, F.S., unless expressly and specifically exempted by general law or by the provisions of a special or local law. It appears that the Sumter County Planning, Zoning and Building Division is an `agency or public agency' as defined in s 112.061(2)(a), F.S., for the purposes of s 112.061. In addition, no express and specific exemption from the provisions of the uniform travel expense law by general, special or local law has been brought to the attention of this office regarding your particular situation. Accordingly, the provisions and limitations of the uniform travel expense law, s 112.061, F.S., will govern in determining whether the county employees required to return back to work to attend zoning board meetings after normal work hours are entitled to receive reimbursement for travel expenses incurred by the additional trip back to work.
This office has consistently interpreted s 112.061, F.S., to authorize reimbursement for travel expenses incurred only for travel away from the traveler's official headquarters as defined in s 112.061(4), F.S. See, AGO's 077-123, 077-117, 076-56 and 074-132. Two additional opinions of this office particularly relevant to your factual situation are AGO 078-84, in which this office concluded that members of an airport authority were not entitled to reimbursement under s 112.061 for travel expenses incurred in traveling to and from their homes and the airport authority office and AGO 075-237, in which this office concluded that district school board members were not entitled to reimbursement under s 112.061 for mileage in traveling from their homes to the district's administrative headquarters. This interpretation is in keeping with the general principle that `[u]nless the legislature has expressly and explicitly included in the expenses to be allowed public officers the cost of travel from their homes to the places where their regular duties are to be performed, such expenses are not a legitimate public charge.' 67 C.J.S. Officers s 225a., p. 719. Accord, AGO's 064-21 (circuit judges); 072-248 (state attorneys); 074-132 (district courts of appeal judges); 075-237 (district school board members); and 078-84 (airport authority members).
Section 112.061, F.S., does not expressly authorize reimbursement for mileage or travel expenses incurred in traveling from the residence of the county employees at issue herein to their workplace or official headquarters and return. Compare, s480.035(7), F.S., in which the Legislature expressly authorized members of the Board of Massage to receive per diem and mileage as provided in s 112.061 from their place of residence to the place of the board meeting and return; see also, s 462.09, F.S. (State Board of Naturopathic Examiners), and s 477.015(7), F.S. (State Board of Cosmetology), which contain similar provisions. In the absence of such express legislative authorization relative to the employees and travel at issue herein, I am compelled to conclude that reimbursement of any travel expenses incurred in traveling from home to work or work to home is unauthorized.
Although it is true that in the particular factual situation posed in your letter and subsequent telephone conversation with this office some employees are required to make an additional or second trip back to the office or workplace in one day, their attendance at the zoning board meeting after normal working hours is required of them by their employment as part of their duties and is thus no different than the initial morning trip made from home to the official headquarters or workplace to perform regular duties which is not reimbursable under s 112.061, F.S. The same rationale would hold true for travel to the workplace to perform unfinished work over the weekend. In any event, s 112.061 does not authorize or make any provision for reimbursement for such additional or second trips back to the official headquarters or workplace of any public employees. Absent such express authorization by law, such travel expenses may not be paid by a public agency.
In summary, unless and until legislatively determined otherwise, it is my opinion that s 112.061, F.S., does not authorize the reimbursement of travel expenses to employees of the Sumter County Planning, Zoning and Building Division who are, on occasion, required to return back to their workplace to attend zoning board meetings after normal work hours.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General